436 So.2d 196 (1983)
Tyrone DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1899.
District Court of Appeal of Florida, Fourth District.
June 1, 1983.
Rehearing Denied August 31, 1983.
*197 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a conviction of robbery with a firearm and a sentence of six years, four of which are to be served imprisoned and the balance suspended, with appellant being placed on community control for two years. We have the impression that if appellant were tried before a dozen juries, the verdict would always be the same as the present conviction; therefore it is of no small moment that the panel in this case recognize such prognosis yet reverse and order on remand that appellant be discharged. It is equally significant that a majority of the panel probably has experienced more involvement in the area of law enforcement than the law enforcement officer who performed so ably in apprehending appellant. Yet, to be worth wearing the robe of judicial office, one must vigorously apply the commandment the late Justice Felix Frankfurter recited in his sketch of Oliver Wendell Holmes that judging calls "[f]or rare intellectual disinterestedness and penetration, lest limitation in personal experience and imagination operate as limitations of the Constitution."[1]
The uncontradicted facts are that four youths parked a car in a shopping center parking lot, then entered one of the stores, Jeans, Etc. Appellant was one of the four. After ostensibly shopping, the four left the store. Minutes later, two of the four returned to the store with weapons and robbed it. Using his training and analysis in a commendable way, Officer Bowerstock of the Mangonia Park Police Department and his partner, Officer Thompson, responded to the resulting BOLO within approximately one-half hour, located and stopped the car appellant was driving, arrested him, and located a weapon under the front passenger seat together with apparently stolen jeans elsewhere in the car. Approximately $1,000 was taken from the store. When the car was stopped, $194 was found on its owner, a passenger who was later identified as being one of the two in the store at the time of the robbery, and $70 on appellant. All four youths were charged in a one count information with robbery with a firearm.
The lead investigator testified that when he questioned appellant after his apprehension, appellant told him that he did not know who the other individuals in the car other than the owner were; and that he had dropped them off by some apartments on 45th Street. He further maintained that he was in the car when the robbery took place; that the car owner, Calvin Johnson, drove the car away from the shopping center; that he did not see the money that was *198 taken,[2] was not aware of any guns in the car, was not aware that any robbery was going to take place, and had gone into the store minutes before the robbery for the purpose of buying jeans. With such testimony in evidence during the state's case, it is not surprising that appellant chose not to take the stand after the state rested.
To return to our original premise, we are disinterested; but a jury need not be naive. The jury in this case obviously did not believe appellant's protestations of innocence made to the detective.
The problem in this case is that the jury should never have been given the case because appellant's motions for directed verdict should have been granted. The first governing principle is recited in Davis v. State, 90 So.2d 629, 631-32 (Fla. 1956):
Circumstantial evidence is proof of certain facts and circumstances from which the trier of fact may infer that the ultimate facts in dispute existed or did not exist. The conclusion as to the ultimate facts must be one which in the common experiences of men may reasonably be made on the basis of the known facts and circumstances. Wharton's Criminal Evidence, Sec. 6.
At the same time we must not lose sight of the basic proposition that one accused of a crime is presumed innocent until proved guilty beyond and to the exclusion of a reasonable doubt. It is the responsibility of the State to carry this burden. When the State relies upon purely circumstantial evidence to convict an accused, we have always required that such evidence must not only be consistent with the defendant's guilt but it must also be inconsistent with any reasonable hypothesis of innocence. Head v. State, Fla. 1952, 62 So.2d 41; Mayo v. State, Fla. 1954, 71 So.2d 899.
Evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, it is not sufficient to sustain conviction. It is the actual exclusion of the hypothesis of innocence which clothes circumstantial evidence with the force of proof sufficient to convict. Circumstantial evidence which leaves uncertain several hypotheses, any one of which may be sound and some of which may be entirely consistent with innocence, is not adequate to sustain a verdict of guilt. Even though the circumstantial evidence is sufficient to suggest a probability of guilt, it is not thereby adequate to support a conviction if it is likewise consistent with a reasonable hypothesis of innocence.
See also Mayo v. State, 71 So.2d 899, 904 (Fla. 1954), in which the court said:
Circumstantial evidence is never sufficient to support a conviction where, after there is assumed all to be proved which the evidence tends to prove, another hypothesis still may be true, because it is the actual exclusion of each other hypothesis which clothes mere circumstances with the force of proof. Thus evidence leaving uncertain which of several hypothesis may be true, or establishing only a probability favoring one hypothesis rather than another, cannot be equal to proof of guilt, no matter how strong the probability may be. Whetston v. State, 31 Fla. 240, 12 So. 661. (Emphasis supplied.)
The second is contained in Chaudoin v. State, 362 So.2d 398, 401 (Fla. 2d DCA 1978).
In the commission of a crime, both the actor and one who aids and abets him are principals in the first degree and may be charged and convicted of the crime. Both are equally guilty. Section 777.011, Florida Statutes (1977). There are two essential conditions which must be met to result in the status of aider and abetter. Such a person is one who has the intent that the crime be committed and who, by acts or words, assists or encourages another in the actual commission of the crime. Ryals v. State, 112 Fla. 4, 150 So. 132 (1933). It is not necessary that the aider or abetter be physically present aiding *199 and abetting his partner in the crime; it is sufficient if, pursuant to a previous understanding, he is sufficiently near and so situated as to abet or encourage, or to render assistance to, the actual perpetrator. Pope v. State, 84 Fla. 428, 94 So. 865 (1923).
As in any other criminal case, the guilt of an aider or abetter can be established by circumstantial evidence. Williams v. State, 206 So.2d 446 (Fla. 4th DCA 1968); Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1974); Rosson v. State, 319 So.2d 64 (Fla. 2d DCA 1975). Such evidence, however, must meet the test first set forth above; that is, it must be both consistent with guilt and inconsistent with any reasonable hypothesis of innocence. Evidence which establishes nothing more than a suspicion, or even the probability of guilt, is not sufficient. Davis v. State, supra.
Here, the sole proof of intent to participate is appellant's entry into the store, minutes prior to the robbery. There is absolutely no question that a jury could  and as we have speculated, generally would  find that appellant was in the store solely to "case" it along with the other three. BUT, the reasonable hypothesis exists that he entered the store to buy jeans, or even to shoplift; and that he never intended to participate in a robbery. There is no evidence that he was there when the robbery occurred, notwithstanding showups shortly after apprehension, which clearly put him there earlier.
While we cannot point to a "red cow" to support our conclusion, there is somewhat similar precedent in two burglary cases. In Lockett v. State, 262 So.2d 253, 254 (Fla. 4th DCA 1972), this court said:
Despite appellant's alibi, the evidence was certainly sufficient to establish (1) that it was appellant whom the witnesses saw seated in the car parked by the Entwistle home, and (2) that the unidentified youth seen loading the television set and guns into appellant's car was guilty of breaking and entering a dwelling house with intent to commit grand larceny. However, upon this evidence, appellant's guilt (of the crime charged) would necessarily depend upon a showing of aiding and abetting under Section 776.011, F.S., F.S.A., which requires proof of his intent to participate. Williams v. State, Fla. App. 1968, 206 So.2d 446; Douglas v. State, Fla.App. 1968, 214 So.2d 653.
Intent may be, and in fact usually is, shown largely by circumstantial evidence but if the proof of intent rests solely upon circumstantial evidence (as it does here) the proof must be not only consistent with the guilt of the accused, but also inconsistent with any other reasonable hypothesis. Broadnax v. State, Fla. 1952, 57 So.2d 651 and Williams v. State, supra. The circumstances of appellant sitting in his car parked outside the Entwistle residence while stolen personal property is being loaded into the car is unquestionably consistent with guilt. Yet, it is not wholly inconsistent with a reasonable hypothesis other than guilt (of the offense charged). For example, such circumstances are not inconsistent with the hypothesis that appellant drove his car to the Entwistle residence at the request of his companion who gave a legitimate purpose as a pretext, and only after the companion emerged from the residence carrying the stolen personal property did appellant become aware of his companion's real purpose.
Further, the Third District Court of Appeal said in A.Y.G. v. State, 414 So.2d 1158, 1159 (Fla. 3d DCA 1982);
Since there is no evidence that the juvenile actually entered the store, she may only be adjudicated of delinquency for burglary as an aider and abettor. Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980); Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972). It is well established that to be convicted as an aider and abettor, the state must show an intent to participate in the perpetration of the crime. J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1980). Where there is no direct evidence of intent, the circumstantial *200 evidence relied upon to show such an intent must be such as to preclude every reasonable inference that the defendant did not intend to participate in the criminal activity. K.W.U. v. State, 367 So.2d 647 (Fla. 3d DCA), cert. denied, 378 So.2d 349 (Fla. 1979).
Evidence that the defendant was present at the scene of the crime and drove the "getaway" car at the request of the perpetrator of the burglary does not exclude the reasonable inference that the defendant had no knowledge of the crime until after it occurred; thus, she did not have the requisite intent. J.H. v. State, supra; Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968). Although A.Y.G.'s flight from the police may have been strong evidence that she was an accessory after the fact, she cannot be convicted as an accessory after the fact where that crime was not charged. Newkirk v. State, 222 So.2d 435 (Fla. 3d DCA 1969); Douglas v. State, supra.

This case graphically demonstrates the desirability and the necessity in this type of situation for the State Attorney to charge the defendant not only as a principal under Section 777.011, Florida Statutes (1979), but, in the alternative, as an accessory after the fact pursuant to Section 777.03, Florida Statutes (1979). Had the state done so in this case, the needless expenditure of time and effort would have been avoided.
As for discharging appellant, this court said in McWatters v. State, 375 So.2d 624, 625 (Fla. 4th DCA 1979):
Because a retrial of a defendant whose conviction is reversed for insufficiency of the evidence would violate the double jeopardy clause of the United States Constitution, we direct that the appellant be discharged. Burks v. U.S., 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).
HERSEY, J., and ANDREWS, ROBERT LANCE, Associate Judge, concur.

ON MOTION FOR REHEARING
GLICKSTEIN, Judge.
The state contends in its motion that the court may have overlooked Rose v. State, 425 So.2d 521, 523 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), which held:
We find, however, that the record contains a chain of substantial, credible evidence to support the jury's finding that defendant was guilty of kidnapping and first-degree murder. Whether, as defendant asserts, the evidence failed to exclude all reasonable hypotheses of innocence is for the jury to determine, and we will not reverse a judgment based upon a verdict returned by a jury where there is substantial, competent evidence to support the jury verdict. Welty v. State, 402 So.2d 1159 (Fla. 1981); Clark v. State, 379 So.2d 97 (Fla. 1979), cert. denied, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981).
While we were aware of said decision, it was not discussed in our opinion because we failed to see the necessity for same. Plainly, in the present case a jury could not reasonably exclude every reasonable hypothesis other than guilt. Stated another way, the question here is the same as that posed in Vick v. United States, 216 F.2d 228, 232 (5th Cir.1954):
Was then the jury warranted in deducing from the evidence inferences which excluded every reasonable hypothesis but that of guilt?
If we were to follow the state's logic, a trial judge could never answer that question and could never grant a motion for judgment of acquittal pursuant to Florida Rules of Criminal Procedure 3.380 when the evidence was circumstantial. Instead, every case would have to go to the jury. In Vick, the court said:
In circumstantial evidence cases, this Court has said repeatedly that to sustain conviction the inferences reasonably to be drawn from the evidence must not only be consistent with guilt of the accused but inconsistent with every reasonable hypothesis of his innocence. Kassin v. United States, 5 Cir., 87 F.2d 183, 184; *201 Rent v. United States, 5 Cir., 209 F.2d 893, 899; McTyre v. United States, 5 Cir., 213 F.2d 65, 66. In such cases the test to be applied on motion for judgment of acquittal and on review of the denial of such motion is not simply whether in the opinion of the trial judge or of the appellate court the evidence fails to exclude every reasonable hypothesis, but that of guilt, but rather whether the jury might reasonably so conclude. Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, 232, 233; cf. Yoffe v. United States, 1 Cir., 153 F.2d 570, 572; Remmer v. United States, 9 Cir., 205 F.2d 277, 287. "The weight of circumstantial evidence is a question for the jury to determine; such evidence alone or in connection with other evidence may justify a conviction. Great care, however, must be exercised in drawing inferences from circumstances proved in criminal cases, and mere suspicions will not warrant a conviction." 20 Am.Jur., Evidence, Sec. 1217, p. 1070. As said by Judge Prettyman in Curley v. United States, supra, "The task of the judge in such case is not easy, for the rule of reason is frequently difficult to apply, but we know of no way to avoid that difficulty."
Id. at 232. Whether we call the proof in this case mere suspicions or an absence of substantial, competent evidence, the resulting conclusion is the same; namely, that the jury should not have received the case. Accordingly, the motion is denied.
ANDREWS, ROBERT LANCE, Associate Judge, concurs.
HERSEY, J., dissents with opinion.
HERSEY, Judge, dissenting with opinion:
Our original opinion reversing appellant's conviction was based upon the legal precept that where a conviction is based solely upon circumstantial evidence such evidence "must not only be consistent with the defendant's guilt but it must also be inconsistent with any reasonable hypothesis of innocence," quoting from Davis v. State, 90 So.2d 629, 631 (Fla. 1956). We articulated our own hypothesis of innocence based upon the known facts and having done so we concluded that the result in the trial court failed the Davis test. Upon reflection I am convinced that our reasoning was flawed because we failed to give sufficient emphasis to the perspective from which the Davis rule is to be applied; that is, whether every reasonable hypothesis of innocence has been overcome by the circumstantial evidence is a question not for the trial court, nor indeed for the appellate court, but is one of fact for the jury. As our supreme court said in Rose v. State, 425 So.2d 521, 523 (Fla. 1982); "whether ... the evidence failed to exclude all reasonable hypotheses of innocence is for the jury to determine... ." The appellate function is merely to determine whether the judgment based upon the jury verdict is supported by substantial, competent evidence.
I would therefore grant rehearing and affirm the judgment as supported by substantial, competent evidence.
NOTES
[1] F. Frankfurter, Mr. Justice Holmes and the Supreme Court 31 (1938).
[2] He admitted seeing a zipper bank bag.