899 So.2d 447 (2005)
Jorge GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-751.
District Court of Appeal of Florida, Fourth District.
April 6, 2005.
*448 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Following a jury trial, appellant, Jorge Garcia, was found guilty of burglary of a dwelling, grand theft, and trespass of a conveyance. He appeals, contending that the trial court erred in denying his motions for judgment of acquittal on the burglary and theft counts. We agree and reverse.
The evidence presented at trial shows that on December 20, 2002, Frank Caltabiano left his residence on Andrews Avenue in Broward County to deliver Christmas presents to some friends. He returned home approximately ten minutes later to find a red Pontiac van parked on his lawn, backed up to his front door. As soon as Caltabiano pulled up, a woman behind the steering wheel of the van began frantically honking the horn. Caltabiano then saw a Hispanic man with sideburns come out of his house and dive head-first into the front passenger side door of the van. This man, who was the only person Caltabiano saw come out of the house, was wearing bluish pants.
After the man dove into the van, someone inside the van shut the side door. Immediately, the woman behind the wheel backed up and drove off north on Andrews Avenue. Because of the van's tinted windows, Caltabiano could not tell if there were more than two people in the van, but he could see a silhouette of someone whom he assumed to be the person who shut the door before the van sped off.
Caltabiano went inside his house and discovered that his television, VCR/DVD, and a box of chocolates were missing. The value of the stolen property exceeded six hundred dollars. The police responded rapidly to the victim's residence and issued a BOLO for the van.
Within ten minutes of receiving the BOLO, Deputy Turpin stopped a van matching the BOLO description and containing the victim's property. Two females and two males were in the van. When the officer approached the van, a Hispanic female, Leticie Mendez, was driving. A Hispanic male jumped out of the front seat and attempted to run away. He was identified as Hector Rodriguez. Appellant and another female, Olga Rodriguez, got out of the back of the van.
The van had three rows of seats. Deputy Turpin testified that the VCR/DVD and box of chocolates were found in the front seat between the driver and passenger seats and the television was on the floor between the front and middle seats of the van. Another officer said that he was not certain but he recalled the property being in the back of the van. Everyone in the van was arrested and photographed. Hector Rodriguez had sideburns and was wearing a black shirt and blue jeans.
The van was stolen. While inspecting the van, Deputy Paparella noticed that the keys were in the ignition. He also saw that the steering column was broken and facing the driver's side door. He testified that he did not know if a person in the back of the van could see that the steering column was broken. It was later determined *449 that one print lifted from the mirror of the van matched the female driver, Mendez.
Several officers came to the victim's residence to investigate the burglary. They lifted latent prints from several areas of the home, but none of them matched any of the suspects. Deputy Acosta drove the victim to the location where the van had been stopped to identify the van and his property. At that time, all of the subjects had been removed from the van and taken into custody.
Appellant was charged, along with Hector Rodriguez, Leticie Mendez, and Olga Rodriguez, with burglary of a dwelling and grand theft. Only Mendez was charged with theft of the van. However, appellant, Hector, and Olga were charged with trespass to a conveyance.
Appellant was tried separately. The victim was unable to positively identify the man who ran out of his house and dove into the van because this happened in "a matter of seconds." He did, however, describe the person as a Hispanic male with sideburns, weighing approximately 160 pounds, and wearing bluish pants. When asked to look at the appellant in court, the victim could say only that appellant was the same size and similar in appearance as the person he saw, but that appellant looked "very different" and his hair was different.
At the close of the state's evidence, appellant moved for a judgment of acquittal. He argued that there was no evidence that he entered the dwelling and stole the victim's property or that he aided or abetted the perpetrator in committing the burglary and theft. He pointed out that the photographs taken at the time of arrest showed that only Rodriguez had sideburns and that Rodriguez was wearing blue jeans. He argued that no evidence pointed to him as the person who shut the side door of the van before it sped off. He also argued that because he was one of several passengers in the van, no inference could be made that he was the person who stole the items or burglarized the house. The court denied the motion for judgment of acquittal.
Because appellant was never identified as the person who actually committed the burglary and theft, the state necessarily argues that his conviction should be affirmed upon the theory that appellant aided and abetted in the crimes and thus is guilty as a principal. To be convicted as a principal, the defendant must have intended that the crimes be committed and have done some act to assist another in committing the crimes. See Staten v. State, 519 So.2d 622, 624 (Fla. 1988). Here, there is no direct evidence that appellant intended that the burglary and theft be committed or that he did some act to assist in committing the crimes. Thus, the state must rely upon circumstantial evidence as proof of appellant's intent and participation. When the state relies on circumstantial evidence to show guilt by aiding and abetting, such evidence must meet the test for circumstantial evidence, i.e., it must be both consistent with guilt and inconsistent with any reasonable hypothesis of innocence. See Davis v. State, 436 So.2d 196 (Fla. 4th DCA 1983). As we recognized in Davis, evidence which furnishes nothing more than a suspicion that the defendant committed the crime is not sufficient to uphold a conviction. See id. at 198 (citing Davis v. State, 90 So.2d 629, 631-32 (Fla.1956)).
"A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypotheses except that of guilt." State v. Law, 559 *450 So.2d 187, 188 (Fla.1989). Although "[t]he state is not required to `rebut conclusively every possible variation' of events which could be inferred from the evidence," it must "introduce competent evidence which is inconsistent with the defendant's theory of events." Id. at 189 (quoting State v. Allen, 335 So.2d 823, 826 (Fla.1976)).
Here, the state failed to introduce competent evidence which is inconsistent with the defendant's theory of innocence. The state argues that appellant's presence in the van, along with his proximity to the stolen property found in the van, constitutes sufficient proof of appellant's intent to participate in the burglary. However, this evidence, standing alone, does not preclude every reasonable inference that appellant did not intend to participate in these crimes. Mere knowledge that an offense is being committed and mere presence at the scene of the crime are insufficient to establish participation in the offense. See Staten, 519 So.2d at 624; see also Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972) (holding that fact that the defendant was observed in the driver's seat of an automobile parked outside the burglarized residence while stolen property was being loaded into vehicle was insufficient to convict defendant on basis of aiding and abetting); Davis, 436 So.2d at 199 (noting that evidence was insufficient where the sole proof of defendant's intent to participate in the robbery of a store was his earlier presence in the store with the perpetrators); Williams v. State, 206 So.2d 446 (Fla. 4th DCA 1968) (holding that circumstantial evidence showing that the defendant was a passenger, along with three codefendants, in an automobile that stopped twice outside a bar, and that after the second stop, a co-defendant got out, entered the bar, and fired a shotgun at the victim, and that the defendant had not seen a gun in the co-defendant's possession before the shooting, did not exclude reasonable hypothesis that the defendant did not plan to assist the co-defendant in the attempted robbery); Cockett v. State, 507 So.2d 1217 (Fla. 4th DCA 1987) (reversing trafficking in cocaine conviction where proof that defendant was a passenger in drug dealer's car showed merely that the defendant was along for the ride); A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982) (holding that evidence that the defendant was present at the scene of the crime and drove the "getaway" car at the request of the perpetrator of the burglary does not exclude the reasonable inference that the defendant had no knowledge of the crime until after it occurred); Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982) (reversing conviction of defendant for aiding and abetting an armed robbery because the circumstantial evidence merely placed him in an automobile outside the scene of the robbery); Fox v. State, 469 So.2d 800 (Fla. 1st DCA 1985) (holding that evidence that defendant was merely present at the scene of an armed robbery of a convenience store was insufficient to establish the requisite knowledge and intent to participate in its commission); Evans v. State, 643 So.2d 1204 (Fla. 1st DCA 1994) (holding that the defendant's presence as a passenger in a truck when someone in the truck shot into store windows is insufficient to establish the defendant's guilt on an aider and abettor theory).
Citing T.S.R. v. State, 596 So.2d 766, 767 (Fla. 5th DCA 1992), the state argues that when considering the sufficiency of the evidence to submit the case to the jury, the trial court had to consider all of the circumstantial evidence, "including the inference [of burglary] from the possession of recently stolen property." According to the state, while there may be no direct physical evidence linking appellant *451 to the crimes, appellant's "unexplained possession of recently stolen property is not only sufficient to support a theft conviction, but when a burglary necessarily occurs as an adjunct, the inference of guilt from the unexplained possession of the recently stolen goods also supports a conviction for the burglary." Id. Proof of possession of property recently stolen, unless satisfactorily explained, does give rise to an inference of guilt of theft and burglary. See Francis v. State, 808 So.2d 110 (Fla.2001). This inference applies, however, only when the state has proven that the defendant actually possessed the property. See Chamberland v. State, 429 So.2d 842 (Fla. 4th DCA 1983). As we explained in Chamberland:
To take advantage of this inference, the state first must prove that appellant possessed the property.
Possession constitutes a conscious and substantial possession, as distinguished from a mere involuntary or superficial possession. Reynolds v. State, 92 Fla. 1038, 111 So. 285 (1927). It must be personal; that is, involve a distinct and conscious assertion of possession by the accused, and it must be exclusive. Walton v. State, 404 So.2d 776 (Fla. 1st DCA 1981), petition for review denied, 412 So.2d 471 (Fla.1982).
429 So.2d at 843.
Here, the only evidence of appellant's possession of the victim's recently stolen property was his presence, along with three other people, in the van containing the stolen items. Testimony as to location of the items in the van was conflicting. Yet, even assuming that the property was in the back of the van where appellant was seated, we note that no evidence was presented that appellant had exclusive possession of the stolen property or the ability to exercise any dominion and control over it. Thus, proof that appellant was in the van with the recently stolen property, under these circumstances, is insufficient evidence to support the inference the he committed the burglary and theft. See Walton v. State, 404 So.2d 776 (Fla. 1st DCA 1981) (holding that the state could not rely upon the inference of guilty knowledge to support a conviction for possession of stolen property with evidence of the presence of stolen property in an apartment shared by the defendant and three roommates as it did not demonstrate exclusive possession).
For the foregoing reasons, we conclude that the trial court erred in denying appellant's motion for judgment of acquittal on the burglary and theft counts and remand this cause for appellant to be discharged. In light of this ruling, we need not address appellant's other point on appeal that the court erroneously denied a request for an instruction on attempted burglary.
FARMER, C.J., and SHAHOOD, J., concur.