926 So.2d 480 (2006)
Ricky Joe BRONSON Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4533.
District Court of Appeal of Florida, Second District.
April 28, 2006.
*481 James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Ricky Joe Bronson Jr. appeals his convictions and sentences for burglary and theft. He claims the trial court erred in denying his motion for judgment of acquittal because there was insufficient circumstantial evidence to support the convictions. We agree and reverse.
On December 29, 2003, around 9:30 a.m., Mr. Robert Evans received a frantic call from his wife to come home immediately. Upon returning, he found the interior of his home in shambles and a number of items missing. Among the missing items were a television with a twenty-two- or twenty-four-inch screen, a three-gallon barrel-shaped plastic pickle jar containing pennies, about sixty-one dollars in half-dollar coins, and three two-dollar bills. Neither he nor his wife had given anyone permission to enter the home that morning in their absence or to remove property. A neighbor told the investigating officers that he had observed an older model white pickup truck in front of the Evans home earlier that morning between 8:30 and 9 a.m., when neither Mr. nor Mrs. Evans was at home. The neighbor assumed that the one man he saw was there to work on the air conditioner.
*482 A BOLO describing the pickup truck was issued; and, before the morning ended, a white, older model pickup truck was stopped approximately a mile and a half to two miles away from the Evans home. The appellant's father, Ricky Joe Bronson Sr., was the driver of the truck, and Mr. Bronson Jr. was the passenger. The truck had tires with a distinctive tread that matched tire tracks left at the scene of the burglary. The deputies found a plastic jug filled with coins in the bed of the truck, a bag of half-dollar coins under the passenger seat, and three two-dollar bills in the driver's door panel. The truck also contained a big screen television, two walkie-talkies, gloves, and screwdrivers.
Sheriff's deputies transported Mr. Evans and his neighbor to the scene of the traffic stop. The neighbor identified the truck as similar to the one he had seen at the Evans home, and Mr. Evans identified the bills and coins as property taken from his home. Mr. Evans knew neither occupant of the truck, and the neighbor could not identify either occupant as the man he had seen earlier at the Evans home.
In their investigation, the deputies discovered Mr. Evans' stolen television outside a residence on Butler Road, the home of a person identified as the girlfriend of Mr. Bronson Jr., seven and a half to eight miles from the Evans home. At trial, Mr. Bronson Jr.'s half-sister, who had spent the night before the Evans burglary at the Butler Road residence, testified for the defense that Mr. Bronson Jr. had also been at that residence all night long and into the morning. She testified that she saw Mr. Bronson Sr. arrive there around 9:45 to 10 a.m. that morning in a white pickup truck. He drove to the rear of the residence and unloaded a small television onto an outside air conditioning unit. She also noted a big screen television in the truck. Then she saw Mr. Bronson Jr. leave the Butler Road residence with his father in the pickup truck.
In his motions for judgment of acquittal, defense counsel contended that the State failed to establish a prima facie case of guilt beyond a reasonable doubt or, alternatively, that the State failed to refute his reasonable hypothesis of innocence in its solely circumstantial evidence case. Counsel pointed out to the court that no evidence placed Mr. Bronson Jr. at the Evans home, the neighbor did not identify him as the man he saw there, and no fingerprints linked him to the scene of the burglary. The trial court denied his motions.
The question we face is whether the circumstantial evidence admitted here is sufficient to withstand the motion for judgment of acquittal. "Although the circumstantial evidence rule can be stated with certainty and ease, applying the rule is often a daunting task because `the nature and quantity of circumstantial evidence in each case is unique.'" Haugabrook v. State, 827 So.2d 1065, 1067 (Fla. 2d DCA 2002) (quoting McArthur v. State, 351 So.2d 972, 976 (Fla.1977)). Where a conviction is based entirely upon circumstantial evidence, the sufficiency of the evidence is measured by a special standard of review. "Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." State v. Law, 559 So.2d 187, 188 (Fla.1989).
Because the circumstantial evidence test protects against a conviction based on impermissibly stacked inferences, Miller v. State, 770 So.2d 1144, 1149 (Fla. 2000), suspicion, standing alone, does not satisfy the State's burden of proving an accused's guilt beyond a reasonable doubt. As explained by our supreme court:

*483 Evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, it is not sufficient to sustain conviction. It is the actual exclusion of the hypothesis of innocence which clothes circumstantial evidence with the force of proof sufficient to convict. Circumstantial evidence which leaves uncertain several hypotheses, any one of which may be sound and some of which maybe entirely consistent with innocence, is not adequate to sustain a verdict of guilt. Even though the circumstantial evidence is sufficient to suggest a probability of guilt, it is not thereby adequate to support a conviction if it is likewise consistent with a reasonable hypothesis of innocence.
Davis v. State, 90 So.2d 629, 631-32 (Fla. 1956). In those instances where a jury, as trier of fact, has found an accused guilty, that conviction must be reversed on appeal if it is not supported by competent, substantial evidence. Crain v. State, 894 So.2d 59, 71 (Fla.2004). Thus, where the State's evidence is not inconsistent with the defendant's reasonable hypothesis of innocence, then a conclusion follows that no jury could return a verdict in favor of the State. Law, 559 So.2d at 189.
Mr. Bronson Jr. argues that a reasonable hypothesis of innocence flows directly from the State's lack of evidence in two important respects. First, the State's evidence against him establishes only a mere suspicion that he committed or aided the burglary and theft. The strength of that suspicion is based only upon his proximity to the stolen property found an hour or two later in a truck in which he was the passenger. No evidence placed him at or near the crime scene prior to the moment Mrs. Evans telephoned her husband. Similarly, although evidence placed him at the Butler Road residence, it established his presence there at the time his father arrived alone with the Evans' television. Thus, Mr. Bronson Jr.'s only link to the crimes was his presence in the truck driven by his father that contained the stolen items. And it was his father who also had possession of the truck earlier that morning.
Next, Mr. Bronson Jr. contends that the State's lack of evidence is not cured by the inference provided by section 812.022(2), Florida Statutes (2003). This statute provides that if a person is proven to be in possession of recently stolen property, then the jury may infer that the possessor must have known that the property was stolen. Moreover, unexplained possession of stolen property is sufficient to support a burglary conviction when it occurs as an adjunct to a theft. Francis v. State, 808 So.2d 110, 134 (Fla.2001). To receive the benefit of the statutory inference, the State must establish, pursuant to section 812.022(2), that a defendant had "possession of property recently stolen." As to Mr. Bronson Jr., the State has a two-part evidentiary predicate burden. First, it must prove the property at issue was recently stolen. And, second, it must establish Mr. Bronson Jr. had possession of the property. Proof of both predicate elements would entitle the State to the inference that Mr. Bronson Jr., as a possessor of the recently stolen property, stole the property. On the evidence presented at trial, we find the State has established the first predicate element.
Furthermore, possession of the stolen property must be exclusive for the State to be entitled to the inference. However, that exclusive possession may also be joint possession.
Mere possession of stolen property, without other evidence of guilt, is not to be regarded as prima facie evidence of *484 larceny, robbery, receiving stolen property, or burglary. It must be shown that the possession of the defendant was exclusive, recent, and involved a distinct and conscious assertion of property. The meaning of the terms "exclusive" and "recent" will vary with the circumstances of each case.
Scobee v. State, 488 So.2d 595, 598 (Fla. 1st DCA 1986) (quoting Wharton's Crim. Evid., § 139, at 236-37; emphasis by the court). The court noted that the "exclusive" requirement does not mean the possession must be separate from all other persons. Instead, the "exclusive" requirement includes the "joint possession of two or more persons acting in concert," and for those, "exclusive" applies to any one of them. Id. Possession, therefore, can be by one or by a group. Id. at 599 (citing People v. Garrett, 115 Ill.App.2d 333, 253 N.E.2d 39 (1969)). "The joint possession of two or more persons acting in concert is `exclusive' as to any one of them." Walker v. State, 896 So.2d 712, 720 n. 5 (Fla.2005).
In measuring the evidence as to the "joint and exclusive" requirement, Scobee noted that the evidence there placed the defendant at the scene of the crime and that he left in a vehicle with the stolen goods in the company of his wife and another person who was implicated in the crime. 488 So.2d at 598. Here, in comparison, the State was unable to present evidence from which it could be inferred that Mr. Bronson Jr. was at the scene of the crime or that he was in the pickup truck at the time it left the scene of the crime. Further, the State was unable to present evidence that Mr. Bronson Jr. was acting in concert with another person in committing the burglary.
This requirement was also addressed in Boone v. State, 711 So.2d 594 (Fla. 1st DCA 1998). There, the court concluded that the State was not entitled to the statutory inference, reasoning:
Here, no evidence suggests that appellant, at the time he was taken into custody, personally possessed or had control or custody over the stolen boxes. Although the deputy found three stolen boxes in the house where appellant, his brother, and Powell had resided, the boxes were discovered six or seven days after appellant started the Louisiana job. At the time, only Michael and the great grandmother lived at the house. No evidence showed how long the boxes had been at the residence. In sum, the prosecution's evidence did not show that appellant ever actually possessed the items discovered in the house to the extent that he exercised any dominion and control over them, let alone exclusive dominion and control.
Id. at 596.
We conclude that the evidence here failed to establish exclusive possession and, therefore, the State is not entitled to the statutory presumption. The possession must be more than superficial; it must be conscious and substantial. And, most important, it must be both personal and exclusive. Garcia v. State, 899 So.2d 447, 451 (Fla. 4th DCA 2005).
The evidence fails to establish the requisite elements of personal and exclusive possession of the stolen items by Mr. Bronson Jr. and thus fails to demonstrate his actual possession of the property. Also, his mere proximity to the items fails to establish even constructive possession. See Davis v. State, 761 So.2d 1154, 1158 (Fla. 2d DCA 2000). Accordingly, the State was not entitled to add the section 812.022(2) statutory inference to its quantum of evidence. The circumstantial evidence not only fails to refute Mr. Bronson Jr.'s reasonable hypothesis of innocence *485 but also fails to establish a prima facie case of guilt.
The similar circumstances and reasoning of Garcia, 899 So.2d 447, further support this conclusion. In Garcia, the victim came home unexpectedly to find a red van parked on his lawn, backed up to his front door. The driver of the van began to honk frantically, and a Hispanic man with sideburns and wearing bluish pants ran out of the house and dove head first into the front seat on the passenger side. Someone inside the van immediately shut the side door, and the van sped off. The police responded immediately and a BOLO was issued. Ten minutes after receiving the BOLO, a deputy stopped a van matching the description and found that it contained the victim's stolen property. The van also contained Mr. Garcia, who was a rear-seat passenger, and three other persons. At trial, the victim could not identify Mr. Garcia as either the man he saw run out of his house and dive into the van or as the person who closed the side door. The victim also could not identify any of the other persons found in the van. Id. at 449. Mr. Garcia moved for judgment of acquittal, arguing that no evidence pointed to him as the person who ran out of the house or who shut the side door of the van before it sped away. He also argued that because he was one of several persons in the van, no inference could be made that he was the person who stole the items or burglarized the victim's home. The trial court denied his motion for judgment of acquittal, but the Fourth District reversed. Id. at 451.
The Fourth District held that the State's evidence of Mr. Garcia's participation in the burglary and theft was insufficient as proof inconsistent with the defendant's theory of innocence. Mr. Garcia's presence in the red van in proximity to recently stolen property standing alone did not preclude every reasonable inference that he did not participate in the crimes. Neither could the State take advantage of the statutory inference arising from unexplained possession of recently stolen property because Mr. Garcia did not have exclusive possession of that property, and he was not shown to have any ability to exercise dominion and control over it. Id.
Like the Fourth District, in Garcia, we conclude that the trial court erred in denying the motion for judgment of acquittal and reverse the convictions for burglary and theft. We remand the case with instructions to discharge Mr. Bronson Jr.
Reversed and remanded with instructions.
SILBERMAN and WALLACE, JJ., concur.