DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH DeJESUS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-3072

[August 16, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562012CF003432A.

Leonard S. Feuer of Leonard Feuer, P.A., West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Joseph DeJesus ("Appellant") appeals the trial court's final judgment adjudicating him guilty of grand theft and burglary. We write solely to address Appellant's challenge as to whether the trial court properly denied his motion for judgment of acquittal on both counts.[1] As discussed below, we reverse the trial court's denial of Appellant's motion and vacate the judgment.

## Background

The State charged Appellant with grand theft and burglary of a dwelling. According to the State, Appellant burglarized the victim's home, stealing numerous pieces of property from her. The jury returned a verdict of guilty on both counts. The trial court sentenced Appellant on the grand theft charge to five years in prison and, on the burglary count, to ten years

---

[1] We do not address Appellant's other arguments on appeal regarding certain jury instructions and the admission of evidence of a prior burglary.

in prison to be followed by five years' probation.  The two sentences were to run concurrently.

At trial, the State's chief evidence was Appellant's historical cell site data, which was able to track Appellant's general movements.  The State showed that on the date of the burglary, Appellant drove 103 miles from his home to within a few miles of the victim's home.  A detective, relying on the cell site data, explained the data could track Appellant's location to "within seven miles" of the burglary.

The State also admitted another key piece of evidence: a still image from a surveillance video showing Appellant and another person walking away from a white Ford Edge towards a dumpster five days after the burglary.[2] The picture showed Appellant walking a few feet in front of the other person, who was carrying a white garbage bag.  Law enforcement later determined that the garbage bag contained items stolen from the victim's home, as well as a Sports Authority bag which did not belong to the victim.  Appellant's fingerprints were found on the Sports Authority bag, but not on the stolen items.  Moreover, none of the stolen items were found within the Sports Authority bag.

Recordings of Appellant's jail phone calls were also put into evidence.  In the calls, Appellant read the allegations in the information to his girlfriend and broadly talked about the lack of evidence against him. Appellant also talked about how he got a new haircut, and that nobody liked it.  The State later hinted that Appellant got the haircut to avoid identification as a suspect in the burglary.

After the State presented its case in chief, Appellant argued the evidence was insufficient to convict and moved for a judgment of acquittal. The trial court denied the motion.  Appellant now appeals the denial.

**Analysis**

"A trial court's ruling on a motion for judgment of acquittal is reviewed de novo to determine whether the evidence is legally sufficient to support the jury's verdict."  *State v. Konegen,* 18 So. 3d 697, 698 (Fla. 4th DCA 2009) (quoting *State v. Burrows,* 940 So. 2d 1259, 1261 (Fla. 1st DCA 2006)).  "It is well settled that, when reviewing a judgment of acquittal, the

---

[2] The State also introduced evidence that Appellant's fingerprints were found on the White Ford Edge, and that the vehicle was seen at the site of an uncharged burglary two days before the crime at issue in this case.  A witness later testified that she rented the vehicle in her name for Appellant.

appellate court must apply the competent, substantial evidence standard and 'consider the evidence and all reasonable inferences from the evidence in a light most favorable to the [S]tate.'" *Id.* at 699 (alteration in original) (quoting *Burrows*, 940 So. 2d at 1261).

When the evidence qualifies as wholly circumstantial, a special standard of review is applicable. *Knight v. State*, 186 So. 3d 1005, 1009-10 (Fla. 2016); *State v. Law*, 559 So. 2d 187, 188 (Fla. 1989); *Bronson v. State*, 926 So. 2d 480, 482 (Fla. 2d DCA 2006). The Florida Supreme Court elaborated on this standard in *Knight*, stating, "[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt[,] a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." *Knight*, 186 So. 3d at 1009 (alterations in original) (quoting *Jaramillo v. State*, 417 So. 2d 257, 257 (Fla. 1982)). In other words, the State "must introduce competent evidence which is inconsistent with the defendant's theory of events." *Johnston v. State*, 863 So. 2d 271, 283 (Fla. 2003). "[E]vidence which furnishes nothing more than a suspicion that the defendant committed the crime is not sufficient to uphold a conviction." *Garcia v. State*, 899 So. 2d 447, 449 (Fla. 4th DCA 2005) (citing *Davis v. State*, 436 So. 2d 196, 198 (Fla. 4th DCA 1983)).

As a preliminary matter, we address the State's contention that Appellant never argued in the trial court that the circumstantial evidence test applied or that he even posited a reasonable hypothesis of innocence. We find that Appellant did both.

Upon making his motion for judgment of acquittal, Appellant specifically cited to *Bronson*, wherein the court discussed and applied the circumstantial evidence test. 926 So. 2d at 482-485. In response, the trial court in the instant case acknowledged having reviewed *Bronson* and the other cases cited by Appellant as support for utilizing this test.

Furthermore, Appellant did present a reasonable hypothesis of innocence. His defense was that he did not commit the crime charged and was not present when it was committed, suggesting during closing argument that he may have been at a friend's home. "It is a fundamental requirement of our criminal justice system that at trial, the State bears the burden of proof beyond a reasonable doubt." *Dausch v. State*, 141 So. 3d 513, 517 (Fla. 2014). In light of a defendant's right not to testify at trial, this denial would appear to be a sufficient reasonable hypothesis of innocence.

3

Addressing the merits of Appellant's argument on appeal, we conclude the State's circumstantial evidence was lacking. The evidence furnished only a suspicion that Appellant was complicit in the charged crimes. The State's main evidence was Appellant's location near the scene of the crime around the time of the burglary. However, without more, "mere presence at the scene of the crime [is] insufficient to establish participation in the offense." *Garcia*, 899 So. 2d at 450; *accord Hanks v. State*, 43 So. 3d 917, 918 (Fla. 2d DCA 2010). Even if mere presence could be enough, the State's evidence in this case did not even prove that Appellant was at the actual scene of the crime. The cell site data could only track his whereabouts to within a few miles of the victim's home. In fact, one detective testified that the data could only prove Appellant was "about seven miles away" from the victim's home.

The State's remaining evidence also fails to exclude every reasonable hypothesis of innocence. A still image of a surveillance video showed Appellant walking with another person, five days after the charged burglary, to throw away a white garbage bag which contained items stolen in the burglary. The State argued that the picture proved Appellant possessed the stolen property, which in turn would allow the jury to infer he committed grand theft and burglary.[3]

However, the still image in question does not prove that Appellant had possession of the stolen items. Even acknowledging the legal possibility of constructive possession,[4] in this case the State's still image showing

---

[3] Pursuant to section 812.022(2), Florida Statutes (2011), "proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen." Such "unexplained possession of recently stolen property is not only sufficient to support a theft conviction, but when a burglary necessarily occurs as an adjunct, the inference of guilt from the unexplained possession of the recently stolen goods also supports a conviction for burglary." *Francis v. State*, 808 So. 2d 110, 134 (Fla. 2001) (quoting *T.S.R. v. State*, 596 So. 2d 766, 767 (Fla. 5th DCA 1992)).

[4] As this Court wrote, "[t]he crucial inquiry in determining [possession] is whether possession is personal and 'involve[s] a distinct and conscious assertion of possession by the accused.'" *Ward v. State*, 40 So. 3d 854, 857 (Fla. 4th DCA 2010) (third alteration in original) (quoting *Chamberland v. State*, 429 So. 2d 842, 843 (Fla. 4th DCA 1983)). That said, a defendant does not necessarily need personal possession, as he or she can constructively possess stolen property if there is sufficient evidence that the defendant acted "in concert" with another person who in turn possessed the property. "The 'exclusive' requirement does not mean that defendant's possession must be separate from the possession of all other persons. The joint possession of two or more persons acting in concert

Appellant's mere proximity to someone possessing stolen property does not in and of itself demonstrate that Appellant himself either actually possessed the property or "acted in concert" with the other person such that he constructively possessed the property. The image does not show Appellant having exclusive possession of the stolen property or displaying a distinct and conscious assertion to possess the stolen property. Moreover, the image does not show Appellant acting "in concert" with the other person. There was no other evidence, besides the still image, linking Appellant to a criminal collaboration with the other person. What is more, the fact that the State identified Appellant's fingerprints on a Sports Authority bag that was within the same white garbage bag that contained the stolen property is not direct evidence that Appellant ever touched, let alone possessed, the stolen items, as his fingerprints were not found on any of the stolen items and none of said items were found in the Sports Authority bag that had been touched by Appellant.

This case is analogous to *Garcia*, where this Court held that a defendant's mere presence in a van that contained stolen items was insufficient to prove actual or constructive possession—even if the defendant was sitting in the back seat where the stolen items were located. 899 So. 2d at 451. It is also analogous to *Bronson*, where the Second District Court of Appeal similarly held that the defendant's mere presence in a truck containing stolen property, driven by the defendant's father, was insufficient to prove actual or constructive possession. 926 So. 2d at 483-84 (Fla. 2d DCA 2006). Third, we liken this case to *Ward v. State*, where we held that even though the defendant was found in possession of other stolen property from the same burglary, he still could not be found guilty of possessing a stolen scooter because "there [was] no evidence that [the defendant] was ever in actual possession of the *scooter* [as opposed to the other items]." 40 So. 3d 854, 857 (Fla. 4th DCA 2010).

We additionally note that Appellant's fingerprints on the white Ford Edge, a car seen by a witness at a *prior* burglary, do not prove that Appellant, or even the white Ford Edge, was at the site of the burglary charged in this case. Thus, the fingerprints are direct evidence only that Appellant was in the car at some point in time, and it requires a separate circumstantial evidentiary inference that the time in question was during the charged burglary. Similarly, the fact that the white Ford Edge, five days after the charged burglary, contained stolen items from that burglary, amounts only to circumstantial evidence that the vehicle was used in that burglary—it is neither direct evidence nor inconsistent with another

is 'exclusive' as to any one of them." *Id.* at 856 (quoting *Bozeman v. State*, 931 So. 2d 1006, 1008 (Fla. 4th DCA 2006)).

reasonable hypothesis of Appellant's innocence, especially in light of an absence of evidence that Appellant himself actually possessed those stolen items.

Finally, contrary to the State's assertion, there was no evidence Appellant admitted to the crimes in his jail calls. Instead, in those calls, he only read aloud the information and, quite fittingly enough, at times criticized the State's weak evidence. The State highlights two statements: "[the information] saying that [the woman who rented the white Ford Edge] saying she rented the car out for me. Then it said every time she said she rented the car for us. She said she didn't know me and [the co-defendant] were doing burglaries, right?," and Appellant remarking on his new haircut. Neither comment is incompatible with Appellant's reasonable hypothesis of innocence.

We recognize the persuasive strength of the cumulative evidence against Appellant in the instant case, but stress the importance of not allowing that to lead to a misapplication of the special standard of review required here, when all the evidence was circumstantial. *See Law*, 559 So. 2d at 188 ("Where the only proof of guilt is circumstantial, *no matter how strongly the evidence may suggest guilt*, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." (emphasis added)); *see also Davis*, 436 So. 2d at 198 ("Evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, is not sufficient to sustain conviction. It is the actual exclusion of the hypothesis of innocence which clothes circumstantial evidence with the force of proof sufficient to convict." (quoting *Davis v. State*, 90 So. 2d 629, 631-32 (Fla. 1956))). Appellant's reasonable hypothesis of innocence was that he was elsewhere during the burglary. The State had no direct evidence placing either Appellant or the white Ford Edge at the scene of *this* burglary, and its cumulative circumstantial evidence was insufficient to rebut Appellant's hypothesis of innocence.

## Conclusion

The trial court erred in denying Appellant's motion for judgment of acquittal. The circumstantial evidence of Appellant's involvement in the burglary and theft failed to exclude every reasonable hypothesis of innocence. We thus reverse the trial court's final judgment with instructions to grant Appellant's motion for judgment of acquittal.

*Reversed.*

WARNER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***