IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

A.M., A CHILD,

      Appellant,

 v.                                                                              Case No.  5D17-1062

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 22, 2017

Appeal from the Circuit Court
for Orange County,
Gail A. Adams, Judge.

James S. Purdy, Public Defender, and
Benjamin A. Schumann, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Appellee.


EDWARDS, J.

      A.M. appeals the trial court's denial of his motion to suppress a pistol the police

gathered during a warrantless arrest incidental to the theft of a "bait vehicle."  For the

reasons set forth below, we agree that the trial court erred in denying the motion to

suppress because the investigating officer had insufficient evidence to order a patrol unit to stop a different "non-bait" vehicle in which Appellant was riding as a passenger.

As part of normal operations, the sheriff's department placed a "bait vehicle" on the street to determine if somebody would attempt to steal it. Indeed, somebody did enter and drive the bait vehicle from its original location and parked it near a wooded area and a house. The investigating deputy, Deputy Schmeltzer, testified that he responded to the new location where he observed two males walking back and forth between the bait vehicle and the house. The car doors were already open when Schmeltzer arrived. He did not see either male touch the car doors, sit in, drive, move, or take anything from the bait vehicle. Specifically, he did not see A.M. sit in the car, take anything from or place anything in the car, or move the car. During the hours that he observed the bait vehicle, Schmeltzer observed A.M. lean into the vehicle twice.

Schmeltzer observed a second vehicle ("non-bait vehicle") arrive at the house, the two males he was surveilling got in, and the second vehicle left the house with four occupants. Schmeltzer radioed a request to have the non-bait vehicle stopped for the sole purpose of identifying the two males he observed near the bait vehicle. Deputy Bonetti, in a marked patrol car, stopped the non-bait vehicle based upon what he understood to be a felony stop for grand theft of a motor vehicle. Bonetti had no independent probable cause for the stop and assumed that the auto crimes unit requesting the stop had probable cause. Deputy Borrero was also involved in the stop; however, he also had no independent probable cause to stop or search the non-bait vehicle. The officers neither identified nor relied upon any traffic infractions as a basis for the stop. A K-9 officer and Borrero searched the occupants of the non-bait car. Borrero

2

found a gun in A.M.'s waistband; however, police did not find the keys or anything else related to the bait vehicle in A.M.'s possession.

The State charged A.M. by delinquency petition with carrying a concealed weapon, possession of a weapon by a minor, and trespass in a conveyance. Defense counsel filed a motion to suppress all evidence resulting from the warrantless non-bait vehicle stop and search and argued that Schmeltzer's observations of A.M. did not support a reasonable suspicion that A.M. was committing a crime. The trial court denied the motion to suppress, finding that leaning into the bait vehicle twice was sufficient exercise of control over the stolen bait vehicle to justify probable cause that A.M. had committed grand theft of a motor vehicle, which in turn justified stopping and searching the non-bait vehicle and its occupants. At the subsequent disposition hearing, the trial court granted the defense motion for judgment of acquittal regarding the charge of trespass in a conveyance, finding that the State failed to prove A.M. had knowledge of the stolen nature of the bait vehicle. The court found sufficient evidence to find A.M. delinquent regarding the firearm charges and placed him on probation with restrictive terms, but withheld adjudication.

In order for a person to commit grand theft of a motor vehicle, he or she must exercise some control over the vehicle, and at a minimum have knowledge that he lacked permission to drive, occupy, or enter that vehicle. *See M.D.S. v. State*, 982 So. 2d 1282, 1284 (Fla. 2d DCA 2002). The State does not claim that A.M.'s mere presence near the stolen bait vehicle supplied probable cause. Indeed, it is well settled that mere proximity to stolen property without more is insufficient. *See Bronson v. State*, 926 So. 2d 480, 485 (Fla. 2d DCA 2006). However, the State argued below and on appeal that leaning into

the bait vehicle twice over a period of hours, without more, provided probable cause. By leaning into the vehicle, A.M. certainly demonstrated some level of curiosity or interest in the bait vehicle; however, without more, this action is not evidence that he had committed or was committing any crime. *See M.D.S.*, 982 So. 2d at 1284-85 (holding that juvenile's possession of the stolen vehicle's keys, which he claimed to have found outside the vehicle, would not support a finding of probable cause). Under the circumstances of this case, we hold that there was insufficient probable cause to stop the non-bait vehicle; thus, all evidence obtained from the unlawful stop should have been suppressed as fruit of the poisonous tree. *See Wong Sun v. United States*, 371 U.S. 471, 485 (1963). Accordingly we reverse the trial court's order finding A.M. delinquent based on the firearm charges and order that there shall be no further proceedings against A.M. based on those charges as the State offered no evidence separate from that obtained during the stop.

REVERSED.

SAWAYA and BERGER, JJ., concur.

4