EVANDER, C.J.,
Sylvester Joseph appeals his convictions for burglary of a conveyance while armed and grand theft. He argues that the trial court erred in denying his motion for judgment of acquittal because there was insufficient evidence to support the convictions. We agree and reverse.[1]
On December 22, 2016, the victim drove her car to the Humane Society in Ocala to drop her dogs off. The dogs were to be kenneled while the victim went out of town. The victim's car was burglarized during the short time that the victim was inside the building.
The Humane Society surveillance video revealed that immediately prior to the burglary a dark-colored Chrysler 300 backed into the parking space next to the victim's vehicle. An unidentified man was seen exiting the rear door of the Chrysler 300. Moments later, the victim's vehicle's lights were flashing. Shortly thereafter, the Chrysler 300 exited the parking area. When the victim returned to her car, she discovered that two of the windows had been "smashed" and multiple items had been stolen. Among the stolen items were a handgun, two Coach purses, Coach and Armani perfume bottles, a distinctive red designer dress, a large amount of cash, and some credit cards. The victim provided police with photos of some of the stolen items.
Twelve days later, on January 3, 2017, an investigating officer went to Justine Wilkerson's Ocala residence. Wilkerson is the mother of Joseph's child. Joseph was alone inside Wilkerson's apartment at the time of the officer's arrival. When Wilkerson arrived, she granted the officer permission to search her apartment. During the ensuing search, the officer found the two stolen Coach purses and the stolen red designer dress in the spare bedroom closet. Wilkerson testified that she had never previously seen these items. On the bed in the spare bedroom, police found receipts including one with Joseph's fingerprint on *1268 it. In Wilkerson's bedroom, the officer found the two stolen bottles of perfume.
Police investigators determined that Joseph had rented a dark-colored Chrysler 300 from Enterprise Rent-a-car in Tampa on December 10, 2016. The vehicle was returned to Enterprise in Ocala on January 2, 2017. Police searched the vehicle after it was returned and located one of the victim's credit cards. Police also found a Walmart receipt dated December 21, 2016, and a Toys "R" Us receipt dated December 24, 2016, in the Chrysler 300. Thereafter, Joseph's fingerprint was determined to be on the Walmart receipt and Corey Rutledge's fingerprint was determined to be on the Toys "R" Us receipt. Rutledge is Wilkerson's brother.
At trial, the State presented the testimony of several witnesses, including Wilkerson. Wilkerson testified, inter alia, that Joseph lived in the Tampa area. He would stay in her spare bedroom when he visited. However, Wilkerson also testified that her brother, Rutledge, as well as two other individuals, would sometimes stay in the spare bedroom. Finally, Wilkerson testified that in the month of December 2016, both Joseph and Rutledge had driven the Chrysler 300 and, in fact, she believed that Rutledge had been arrested while driving the car on December 31st.
Notably, the State did not present any direct evidence placing Joseph at or near the Humane Society at the time of the burglary or directly linking him to any of the stolen items. Notwithstanding, the State argues that the circumstantial evidence adduced at trial was sufficient to support Joseph's convictions. We disagree.
A special standard of review of the sufficiency of the evidence applies where, as in the instant case, a conviction is wholly based on circumstantial evidence. State v. Law , 559 So. 2d 187, 188 (Fla. 1989). "Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." Knight v. State , 186 So. 3d 1005, 1009 (Fla. 2016) (quoting Jaramillo v. State , 417 So. 2d 257, 257 (Fla. 1982) ). Here, Joseph's hypothesis of innocence was that he was not involved in the burglary or theft that were the subject of the charges against him.
As previously noted, the State presented no direct evidence connecting Joseph to the burglary or the stolen items. Although the State's evidence was sufficient to establish that a vehicle rented to Joseph was involved in the burglary, and that his fingerprints were found on papers located in the vehicle and in Wilkerson's spare bedroom, the uncontroverted evidence was that Joseph was not the only individual who used the car during the rental term or used the spare bedroom in December 2016. Further, his fingerprints were not found on any of the recovered stolen items.
The State argues that it is entitled to the inference set forth in section 812.022(2), Florida Statutes (2016):
Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
This inference of guilt has been found to be sufficient to support both a theft and a burglary conviction. Francis v. State , 808 So. 2d 110, 134 (Fla. 2001) ("Unexplained possession of recently stolen property is not only sufficient to support a theft conviction but when a burglary necessarily occurs as an adjunct, the inference of guilt from the unexplained possession of the recently stolen goods also supports a conviction for burglary." (quoting T.S.R. v. State , 596 So. 2d 766, 767 (Fla. 5th DCA 1992) )).
*1269 However, in order to avail itself of this inference, the State has to prove that the stolen property was recently stolen and that possession was exclusive. Bronson v. State , 926 So. 2d 480, 484 (Fla. 2d DCA 2006). The "exclusive possession" requirement can include the "joint possession of two or more persons acting in concert." Id. But, the possession must be more than superficial; it must be conscious and substantial. Id. at 485 (quoting Garcia v. State , 899 So. 2d 447, 451 (Fla. 4th DCA 2005) ).
Here, the State is not entitled to the inference set forth in section 812.022(2). The uncontroverted evidence was that stolen items were found in the spare bedroom closet in Wilkerson's apartment and that at least four different individuals had, on occasion, stayed in that bedroom.[2] There was no evidence that Joseph had acted "in concert" with those other individuals with regard to "possession" of the stolen goods. "Merely sharing the location where stolen property was found with others does not support the inference instruction." Midgette v. State , 152 So. 3d 767, 768 (Fla. 5th DCA 2014). Although the State's evidence may have suggested Joseph's guilt, it was not "inconsistent with any reasonable hypothesis of innocence." Knight , 186 So. 3d at 1009.
Our conclusion finds support from our sister courts' decisions in Bronson and Garcia . In Bronson , an older model white pick-up truck was seen in front of a house at or near the time the house had been burglarized. 926 So. 2d at 481. Approximately an hour or two later, a vehicle matching that description was stopped by police. Id. at 482. The appellant, Ricky Bronson, Jr., was a passenger in that vehicle. Id. The driver was Bronson's father. Id. Some of the items stolen from the burglarized house were found in the truck. Id. Another stolen item (a television) was found outside the residence of Bronson Jr.'s girlfriend. Id. The Second District concluded that the trial court erred in denying Bronson's motion for judgment of acquittal. The court first observed that there was no evidence placing Bronson at or near the crime scene. Id. at 484. Second, the court determined that there was no evidence of Bronson's "exclusive" possession of the stolen goods. Specifically, he was not in actual possession or joint possession with a person with whom he was acting in concert. Therefore, the state could not rely on the inference of guilt set forth in section 812.022(2). Id.
In Garcia , the victim arrived home to find a red van backed up to his front door. 899 So. 2d at 448. When the driver of the van began to honk frantically, a Hispanic man ran out of the house and dove head first into the front passenger seat. Someone inside the van immediately shut the side door, and the van sped off. Id. Shortly thereafter, a deputy stopped a van matching the description and found that it contained the victim's stolen property. Id. There were four people inside the van with Garcia being one of the rear-seat passengers. Id. At trial, the victim could not identify Garcia. Id. at 449.
The Fourth District held that the evidence was insufficient to convict Garcia, *1270 notwithstanding his presence in the van and his proximity to the recently stolen property. The court determined that the state could not take advantage of the statutory inference of guilt because no evidence was presented that Garcia had exclusive possession of the stolen property or the ability to exercise dominion and control over it. Id. at 451.
As did the appellate courts in Bronson and Garcia , we conclude that the trial court erred in denying the motion for judgment of acquittal made below. We reverse Joseph's convictions for burglary of a conveyance while armed and grand theft and remand with instructions to discharge him.
REVERSED and REMANDED.
BERGER, J., concurs.
GROSSHANS, J., concurs, and concurs specially, with opinion.
GROSSHANS, J., concurs, and concurs specially, with opinion.
I agree that Appellant's convictions cannot be sustained pursuant to the reasonable-hypothesis-of-innocence standard of review and that the majority opinion correctly applies current Florida law.
However, when writing for this court, then-Judge Lawson observed that this special standard is both confusing and misleading. See Knight v. State, 107 So. 3d 449, 456-62 (Fla. 5th DCA 2013). I find his thorough analysis questioning this standard to be persuasive. As Justice Canady also noted, "It is a striking and inexplicable anomaly that we have rejected the reasonable-hypothesis-of-innocence jury instruction but have nonetheless retained the special standard of review." Knight v. State, 186 So. 3d 1005, 1013 (Fla. 2016) (Canady, J., concurring in result).
For the reasons underscored above, I urge our supreme court to reconsider the propriety of the special standard of review in light of our current jury instructions.

Based on our disposition of this issue, it is unnecessary to address the other issue raised on appeal by Joseph.

The State attempts to bolster its argument by observing that Wilkerson testified that Joseph had use of the spare bedroom closet. (She was not questioned as to whether Rutledge or the other individuals had use of that closet.) The fact that Joseph may have used the spare bedroom closet does not alter the fact that multiple individuals had access to the stolen property located therein, nor does it establish that Joseph had exclusive possession of that property.