404 So.2d 776 (1981)
Leroy WALTON, Appellant,
v.
STATE of Florida, Appellee.
No. WW-244.
District Court of Appeal of Florida, First District.
September 24, 1981.
Rehearing Denied November 5, 1981.
*777 Michael E. Allen, Public Defender, and Michael M. Corin and Thomas Presnell, Jr., Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
SHAW, Judge.
The appellant challenges his conviction for grand and petty theft on the grounds that the court erred in denying his motion to suppress evidence and in refusing to dismiss the information against him.
Officer Barbour, on May 21, 1979, as a follow-up to an anonymous tip, set up surveillance of a duplex in which the appellant resided. While waiting for a back-up unit to arrive, the officer observed the appellant drive away. Barbour approached the duplex and was able to look through the door and observe a female occupant and a three-piece shelving unit fitting the description of a unit recently stolen from Dean Construction Company. The appellant was arrested and placed in the Alachua County Adult Detention Center. On May 31, 1979, while appellant was still in the Center, Officer Barbour returned to the premises with a search warrant. Entry was gained to the duplex by use of a key supplied by either Mr. Egon Klementi, the owner of the apartment complex, or a third party. Mr. Klementi took the officers to the rear of the duplex and unlocked a shed. The appellant was charged and convicted for theft of items found in the duplex and shed.
The conviction must be reversed. Knowledge and intent are essential elements of the offense charged. The State has attempted to obviate its burden of proof by its reliance upon the rule that possession of recently stolen goods carries with it the inference that the possessor is the guilty taker. State v. Young, 217 So.2d 567 (Fla. 1968). The position taken by the State ignores the restrictive nature of the rule. The inference of guilty taking that accompanies the possession of recently stolen goods is limited by the further requirement that possession be personal, that it involve a distinct and conscious assertion of possession by the accused, and that possession must be exclusive. Griffin v. State, 370 So.2d 860 (Fla. 1st DCA 1979).
The State agrees that the duplex in which the stolen items were found was leased to the appellant and two other named occupants, Sally Walton and Patti Elizabeth King. The shed was also shared jointly by the appellant and his landlord, Mr. Egon Klementi. The evidence does not show personal or exclusive possession in the appellant. Therefore, the inference of guilty taking does not accompany the State's case in this instance. Stripped of this inference, the State's proof was confined to evidence that stolen goods were found in premises in which the appellant enjoyed a joint possessory right, the value of the property and ownership in someone other than the appellant. With the removal of the inference of guilty taking the State's case against the appellant is purely circumstantial. While the crime of theft may be proved by circumstantial evidence, such evidence must be of sufficient probative force to support a legal inference of guilt beyond a reasonable doubt. The proof must not only be consistent with guilt, but also inconsistent *778 with a reasonable hypothesis of innocence. The State's proof in this instance does not rise to that level. The judgment appealed is reversed.
WENTWORTH, J., concurs.
WILLIAM C. OWEN, Jr., (Ret.), Associate Judge, dissenting without opinion.