429 So.2d 842 (1983)
Donald P. CHAMBERLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 81-519.
District Court of Appeal of Florida, Fourth District.
April 20, 1983.
*843 Richard L. Jorandby, Public Defender, Margaret Good, Asst. Public Defender, and Tom Wm. Odom, Legal Intern, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James P. McLane, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Donald P. Chamberland appeals his conviction for possession of a stolen air conditioner under Section 812.014(1)(b), Florida Statutes (1981).
Construing the evidence in the light most favorable to the State, appellant occupied an apartment jointly with his brother and two others. There was no air conditioner installed in this apartment before the night of the theft. On that night, appellant's brother borrowed a car from one of the co-tenants. At about 3:00 a.m., the upstairs tenant heard noises, came down to investigate, and saw appellant's brother installing an air conditioner in a window of the room the brothers shared. Appellant was sitting on the bed, watching his brother. The next day, a police officer executed a search warrant at the appellant's apartment and discovered an air conditioner which bore the serial number of an air conditioner stolen from a nearby church on the previous night. The air conditioner weighed in excess of 100 pounds, and the officer could not carry it alone.
Appellant contends the State presented insufficient evidence to show that he had guilty knowledge of the stolen character of the air conditioner.
To secure a conviction under Section 812.014(1)(b), the State must show that appellant "knowingly obtain[ed] or use[d] ... the property of another... ." That is, the State must demonstrate appellant's knowledge of the stolen character of the air conditioner. The State may do so inferentially:
Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
§ 812.022, Fla. Stat. (1981).
To take advantage of this inference, the State first must prove that appellant possessed the property.
Possession constitutes a conscious and substantial possession, as distinguished from a mere involuntary or superficial possession. Reynolds v. State, 92 Fla. 1038, 111 So. 285 (1927). It must be personal; that is, involve a distinct and conscious assertion of possession by the accused, and it must be exclusive. Walton v. State, 404 So.2d 776 (Fla. 1st DCA 1981), petition for review denied, 412 So.2d 471 (Fla. 1982).
In Walton, the presence of stolen property in an apartment shared by the defendant and three roommates, and in a shed shared by these tenants and the landlord, did not demonstrate exclusive possession. Therefore, the State could not rely upon the inference of guilty knowledge to support a conviction for possession of stolen property.
Sub judice, the State failed to demonstrate exclusive possession or any conscious assertion of possession by appellant over property brought into joint premises by another. Absent the inference of guilty knowledge which arises upon proof of possession, the State showed only that appellant was present when his brother installed an air conditioner. The State failed to produce sufficient evidence to demonstrate possession of stolen property by appellant beyond a reasonable doubt. We reverse with directions to discharge appellant. Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).
GLICKSTEIN and WALDEN, JJ., concur.