STRINGER, Judge.
M.E.R., a juvenile, seeks review of the trial court’s order withholding adjudication and placing him on probation. M.E.R. argues that the evidence was insufficient *1146 to support his convictions for burglary and grand theft because the State failed to rebut his reasonable hypothesis of innocence. We agree that the State’s evidence was insufficient to establish that M.E.R. committed the offense of grand theft; however, the evidence was sufficient to support his conviction for burglary.
The State filed a petition alleging that M.E.R. was a delinquent child by virtue of having committed burglary of a dwelling and grand theft. At trial, Monica Jackson testified that she saw M.E.R. hanging out with some Mends in the breezeway of her apartment complex on the date in question. At around 4:45 p.m., Jackson observed M.E.R. enter Nidia De La Cruz’s apartment. At the time, M.E.R. was wearing a blue shirt. He emerged fifteen to twenty minutes later. At this time, he was no longer wearing the blue shirt; he was carrying the shirt tucked underneath his arm. Jackson could not say whether M.E.R. was concealing anything underneath his shirt.
Nidia De La Cruz testified that she and her family left her apartment between 2 p.m. and 3 p.m. on the day in question and returned at approximately 7 p.m. When they returned, the door to the apartment was open. De La Cruz also discovered that three new pairs of shoes, a Play Station, a cell phone, and some clothing had been taken. The shoes had cost $30 each, the Play Station had cost $400, and the cell phone had cost $120. De La Cruz’s daughter testified and explained that M.E.R. was her ex-boyfriend. However, neither De La Cruz nor her daughter had given M.E.R. permission to enter the apartment while they were away. The stolen items were never recovered, and a search of M.E.R.’s residence did not uncover any evidence linking him to the stolen items.
At the close of the State’s case, counsel for M.E.R. moved for a judgment of dismissal. Counsel argued that the evidence was entirely circumstantial and that the State had failed to rebut his reasonable hypothesis of innocence that someone else took the items from the open apartment during the time period between when M.E.R. exited it and De La Cruz returned or even beforehand. The trial court denied the motion based on its finding that M.E.R.’s hypothesis of innocence was not reasonable.
This court reviews the denial of a motion for judgment of dismissal de novo. R.R.W. v. State, 915 So.2d 633, 634 (Fla. 2d DCA 2005). A judgment of dismissal should be granted when the State fails to present a prima facie case of the crime charged. Fla. R. Juv. P. S.110(k). When the evidence is entirely circumstantial, a conviction should not be upheld unless the evidence is inconsistent with any reasonable hypothesis of innocence. R.R.W., 915 So.2d at 634. The evidence, and all reasonable inferences from it, should be viewed in the light most favorable to the State. K.W. v. State, 983 So.2d 713, 715 (Fla. 2d DCA 2008).

Burglary

The elements of burglary are the “(1) knowing entry into a dwelling, (2) knowledge that such entry is without permission, and (3) criminal intent to commit an offense within the dwelling.” R.J.K. v. State, 928 So.2d 499, 502 (Fla. 2d DCA 2006). In this case, the State presented evidence that M.E.R. was seen entering De La Cruz’s apartment while De La Cruz and her family were away. At the time he entered the apartment, M.E.R. was wearing a blue shirt. When he was seen leaving the apartment fifteen to twenty minutes later, M.E.R. had the blue shirt tucked under his arm. De La Cruz reported that she was missing three pairs of *1147 shoes, a Play Station, a cell phone, and some clothing. Although De La Cruz knew M.E.R., M.E.R. did not have permission to enter De La Cruz’s apartment at this time. This evidence established that M.E.R. entered De La Cruz’s apartment without De La Cruz’s permission with the intent of committing a theft inside.
M.E.R.’s reliance on J.R.S. v. State, 702 So.2d 540 (Fla. 2d DCA 1997), is misplaced. In J.R.S., a neighbor saw the defendant exiting the victim’s opened overhead garage door. Id. at 540. When the neighbor questioned the defendant about his presence in the garage, the defendant kept his hands inside his baggy shirt. Id. at 541. When the defendant walked away, he removed his hands from his shirt, and they were empty. The victim returned to find his pistol missing from his bedroom closet, and the box in which it was housed was found in the garage. Id. at 540. The pistol was never recovered. Id. at 541. The defendant asserted that he never entered the residence but was only there to visit the victim’s son. He claimed he tried the front door, but no one answered, so he went through the overhead garage door to the door leading from the garage to the residence.
This court reversed the defendant’s conviction for armed burglary of a dwelling based on its conclusion that the State failed to rebut the defendant’s reasonable hypothesis that he was at the house to visit the owner’s son and that the son actually stole the pistol. This court emphasized that there was no evidence placing the defendant in the house and that there was evidence that the owner’s son was left alone in the home with the gun before the defendant arrived. Additionally, no one saw the defendant with the gun at any time. Id.
This case is distinguishable from J.R.S. because in this case, M.E.R. was seen entering and leaving De La Cruz’s apartment. This is not a case in which the defendant was found guilty due to his mere proximity to the crime scene. Instead, M.E.R. was seen unlawfully entering De La Cruz’s residence and leaving while holding his shirt in a way that suggested he was attempting to conceal an object that was apparently stolen from within. Accordingly, the trial court did not err in denying M.E.R.’s motion for judgment of dismissal on this charge.

Grand Theft

The elements of the crime of grand theft as charged are (1) knowingly obtaining or using, or attempting to obtain or use, the property of another with (2) the intent to deprive the victim of the right to or benefit from the property or appropriate the property to one’s own use or the use of another unauthorized person, when (3) the property is valued at greater than $100 but less than $300 and taken from a dwelling. § 812.014(2)(d), Fla. Stat. (2007).
In this case, the State charged M.E.R. with the grand theft of shoes and “electronic games” valued between $100 and $300. For some reason, the information did not charge the theft of the cell phone or clothing De La Cruz reported as stolen. The State presented evidence that M.E.R. was seen entering De La Cruz’s unoccupied apartment wearing a blue shirt but leaving De La Cruz’s apartment carrying the blue shirt tucked under his arm. De La Cruz could not say whether M.E.R. was concealing anything under the blue shirt. Two hours later, De La Cruz returned to her apartment to discover that she was missing, among other things, three new pairs of shoes that had cost $30 each and a Play Station that had cost $400.
Because M.E.R. was not seen carrying any specific items and the items were never recovered, there is no evidence directly connecting M.E.R. with the theft of the *1148 shoes or the Play Station. In order to find that M.E.R. took items valued between $100 and $300, the fact finder would have had to assume that M.E.R. carried some or all of these items under his shirt or in another trip from De La Cruz’s apartment. However, M.E.R. had been hanging out with other people in the apartment complex’s breezeway, and any of these people could have accessed De La Cruz’s apartment during the two-hour period it was left open or even before M.E.R. entered the apartment.
We recognize that M.E.R.’s act of removing his shirt while in the victim’s apartment and exiting with the shirt tucked under his arm was suspicious. We acknowledge that a fact finder could reasonably infer that M.E.R. was carrying something under his shirt when he left the apartment. However, M.E.R. was not charged with stealing all of the items the victim reported missing. If M.E.R. took the cell phone or clothing he would not be guilty of grand theft as charged. In short, the State has not presented evidence refuting M.E.R.’s reasonable hypothesis of innocence that someone else took the Play Station and three pairs of shoes from De La Cruz’s apartment. M.E.R.’s grand theft adjudication must therefore be reversed.
Affirmed in part; reversed in part; and remanded.
NORTHCUTT, C.J., Concurs.
SILBERMAN, J., Concurs in part and dissents in part with opinion.