PER CURIAM.
 

 Timothy Maurice Smith, Appellant, appeals his convictions and sentences for two counts of burglary and one count of grand theft in an amount of $5,000 or more, but less than $20,000. He argues, among other things, that the evidence at trial was legally insufficient to support his conviction for the second burglary, which occurred on January 31, 2007. We agree, and accordingly, we reverse Appellant’s conviction for the burglary that occurred on January 31, 2007, and remand for vacation of the conviction and the resulting sentence. Finding no merit in Appellant’s remaining arguments, we affirm the remaining convictions and sentences without further discussion.
 

 At trial, the State presented evidence that the victim’s home was burglarized on two occasions: once on January 27, 2007, and once on January 31, 2007. The only item taken in the second burglary was a DVD player. At trial, the State attempted to link Appellant to the second burglary by showing that he had inexplicable possession of the DVD player after the second burglary. If the State had succeeded in showing Appellant’s inexplicable possession of the DVD player, the evidence would have been sufficient to support Appellant’s conviction for the burglary that took place on January 31, 2007.
 
 See
 
 § 812.022(2), Fla. Stat. (2006) (providing that “proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property has been stolen”);
 
 Francis v. State,
 
 808 So.2d 110, 134 (Fla.2001) (holding that this statutory inference may be applied to support a burglary conviction where the evidence shows that a burglary has necessarily occurred as an adjunct to the theft of the property in question). There is, however, no evidence in the record that Appellant possessed the DVD player, either constructively or actually. Therefore, we reverse Appellant’s conviction and sentence for the burglary that occurred on January 31, 2007, remand for vacation of that conviction and sentence, and affirm the remaining convictions and sentences.
 

 AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
 

 BARFIELD, PADOVANO, and LEWIS, JJ., concur.