SILBERMAN, Judge.
M.F., a juvenile, seeks review of the trial court’s order finding that she committed the offense of grand theft of a motor vehicle, withholding adjudication, and placing her on probation. M.F. argues that the trial court erred in denying her motion for judgment of dismissal. Because the State failed to establish that M.F. was involved with the theft of her mother’s vehicle, we reverse.
M.F.’s mother testified that she lived in a home in Polk County with M.F.’s grandmother, M.F., and M.F.’s boyfriend. The mother owned a white Camaro that she kept in the carport. The car was operational, but it had expired tags and was not registered, so the mother told everyone in the home not to touch the car. In October 2008, the mother left the family’s home and temporarily moved to Fort Lauder-dale.
The grandmother testified that in early November 2008, Sergeant Robert Pletts from code enforcement spotted the unregistered Camaro in the carport. Sergeant Pletts told her that the car had to be removed because it did not have a valid tag. The grandmother explained that the car belonged to her absent daughter, and Sergeant Pletts said he would give her until December to correct the problem.
On November 6, 2008, two unidentified men with a truck towed the Camaro from the driveway as the grandmother was painting a room in the back of the home. The grandmother heard the men in the driveway and ran to the front of the home, but the men drove away with the car before she could stop them. As the men were leaving, the grandmother saw M.F. and her boyfriend getting into the next door neighbor’s car in his driveway. The grandmother yelled to M.F., but M.F. ignored her.
The neighbor drove his car in the same direction as the truck towing the Camaro, but the grandmother could only see the tow truck for about a block. She did not know if the car followed the truck after it left her line of sight. When M.F. came home later that night, she did not say anything about the Camaro. The grandmother waited a couple of days and then called the mother. After she spoke to the *1000 mother, the grandmother called the police. The only thing M.F. ever said to the grandmother about the Camaro was that it was none of the grandmother’s business. M.F. told the mother that the grandmother had the car towed away.
Officer Sanchez testified that he responded to the stolen vehicle complaint on November 14, 2008. He placed a BOLO for the Camaro, and he verified that there was no police report from a towing company indicating that the car was towed. The officer was not sure if every towing company reported towed cars to the police.
The trial court should grant a judgment of dismissal when the State fails to present a prima facie case of the offense charged. M.E.R. v. State, 993 So.2d 1145, 1146 (Fla. 2d DCA 2008). In circumstantial evidence cases, the State must present evidence that is inconsistent with any reasonable hypothesis of innocence. This court conducts a de novo review of the denial of a motion for judgment of dismissal. In conducting this review, we must view the evidence in the light most favorable to the State. Id.
The elements of grand theft of a motor vehicle are (1) knowingly obtaining or using or attempting to obtain or use the property of another with (2) the intent to deprive the victim of the right to or benefit from the property or appropriate the property to one’s own use or the use of another unauthorized person, when (3) the property is a motor vehicle. § 812.014(1), (2)(c)(6), Fla. Stat. (2008). The evidence presented by the State in this case does not even establish that the mother’s car was stolen as opposed to being towed away by code enforcement, let alone that M.F. was responsible for having the car towed away. There was no evidence suggesting that M.F. planned to steal the Camaro. There was no evidence connecting M.F. with the two unidentified men who towed the car other than the fact that M.F. got into a neighbor’s car that headed the same direction as the tow truck for about one block. Finally, the Camaro was never retrieved, so there was no physical evidence that M.F. had used it or sold it to someone else.
Additionally, the evidence did not exclude the reasonable hypothesis of innocence that code enforcement had arranged for the Camaro to be towed. The car did not have a valid tag, and code enforcement had already stopped by to warn the grandmother that it must be removed. Sergeant Pletts supposedly told the grandmother that he would give her until December to have the Camaro registered, but there was no evidence regarding whether he or a different officer had the car removed. Indeed, no one from code enforcement testified. Because the Cama-ro remained in the carport without a valid tag, it is certainly possible that code enforcement arranged for the car to be towed without waiting until December. Moreover, the State did not discount the possibility that some unknown third parties stole the Camaro.
Because the State’s evidence was legally insufficient to establish a prima facie case of grand theft of a motor vehicle and was not inconsistent with any reasonable hypothesis of innocence, we reverse the order on appeal.
Reversed and remanded.
CRENSHAW and MORRIS, JJ., Concur.