NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

A.L.,                                              )
                                                   )
            Appellant,                             )
                                                   )
v.                                                 )        Case No. 2D17-4572
                                                   )
STATE OF FLORIDA,                                  )
                                                   )
            Appellee.                              )
_____)

Opinion filed July 10, 2019.

Appeal from the Circuit Court for
Hillsborough County; Barbara Twine
Thomas, Judge.

Howard L. Dimmig, II, Public Defender, and
Kevin Briggs, Assistant Public Defender,
Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Linsey Sims-
Bohnenstiehl, Assistant Attorney General,
Tampa, for Appellee.


BADALAMENTI, Judge.

            A.L. appeals a disposition order adjudicating him delinquent on four

counts of petit theft and one count of criminal mischief.  He contends that the trial court

erred in denying his motion for judgment of dismissal.  We agree and reverse the

disposition order.

The State charged A.L. with five counts of burglary of an unoccupied conveyance, one count of grand theft in the third degree, three counts of petit theft, and one count of criminal mischief. At the adjudicatory hearing, several witnesses testified that on or about June 7, 2017, several items were stolen from their vehicles while the vehicles were parked overnight in the driveway of their homes in Brandon. Another resident of the Brandon neighborhood testified that his vehicle was entered into and that a security box that was underneath the driver's seat of the vehicle had been damaged. Two other residents testified that they each had surveillance footage taken on June 7, 2017, from cameras mounted directly above the driveway of their homes. The videos were introduced into evidence and played at the adjudicatory hearing.

The first video showed a person wearing a hoodie attempting to open a vehicle's passenger door and then walking away. The second video was recorded from a home located at the end of a cul-de-sac. The video showed that around 2:00 a.m., two individuals walked around a street checking car doors and entering unlocked vehicles. The video also showed that around 4:00 a.m., the two individuals entered a white vehicle parked outside a home and drove away from the neighborhood. None of the witnesses at the adjudicatory hearing positively identified the individuals in the surveillance videos.

A deputy testified that on June 8, 2017, he and the investigating detective responded to the home where the white vehicle had been parked to obtain information related to the vehicle burglaries. As part of that investigation, the officers came into contact with A.L.'s uncle, who lived in the home. The uncle testified that he gave consent to the officers to search a bedroom that A.L. shared with his brother. It is

undisputed that the bedroom was a jointly occupied bedroom. The officers testified that they searched the bedroom and observed that several items in the bedroom were similar to the items that had been reported stolen. The victims, with the exception of one, verified that the items they had reported stolen were the same items the officers found in the jointly occupied bedroom.

A.L. moved for judgment of dismissal as to all counts at the close of the State's case-in-chief, arguing that the State's case was based wholly on insufficient circumstantial evidence. Defense counsel contended that someone other than A.L. must have placed the recently stolen property in the bedroom A.L. shared with his brother. Defense counsel also specifically argued that the State was not entitled to use of the statutory inference provided by section 812.022(2), Florida Statutes (2017), because A.L. did not have the requisite exclusive possession of the stolen property. The trial court denied the motion. In so denying the motion, the trial court determined that the State was entitled to use of the statutory inference. It explained that A.L. had exclusive possession of the recently stolen property because the video surveillance footage established that two people were acting in concert. At the conclusion of the adjudicatory hearing, the trial court ruled that it could not find A.L. delinquent of the five counts of burglary of an unoccupied conveyance or the count of third-degree grand theft because there was "no objective proof tying the accused to the scene of those five places." The trial court reduced the count of third-degree grand theft to first-degree petit theft. It also adjudicated A.L. delinquent of one count of criminal mischief and the remaining three petit theft counts.

We review the denial of a motion for judgment of dismissal de novo, and we consider the evidence in the light most favorable to the State.  T.A.K. v. State, 258 So. 3d 559, 561 (Fla. 2d DCA 2018).  "A judgment of dismissal is proper if the State fails to present sufficient evidence to establish a prima facie case."  Id. (first citing Fla. R. Juv. P. 8.110(k); then citing E.A.B. v. State, 851 So. 2d 308, 310 (Fla. 2d DCA 2003)).  "Sufficient evidence to support an adjudication exists when a 'rational trier of fact could find that the elements of the crime have been established beyond a reasonable doubt.' "  Id. (quoting K.W. v. State, 983 So. 2d 713, 715 (Fla. 2d DCA 2008)).  "In circumstantial evidence cases, the State must present evidence that is inconsistent with any reasonable hypothesis of innocence."  M.F. v. State, 35 So. 3d 998, 1000 (Fla. 2d DCA 2010).  This special standard of review applies "no matter how strongly the evidence may suggest guilt."  Bronson v. State, 926 So. 2d 480, 482 (Fla. 2d DCA 2006) (quoting State v. Law, 559 So. 2d 187, 188 (Fla. 1989)).

Here, the State was required to prove the delinquent acts of petit theft and criminal mischief beyond a reasonable doubt.  To prove petit theft, a second-degree misdemeanor, the State had to establish that (1) A.L. knowingly obtained or used, (2) the property of another, (3) with intent to either temporarily or permanently (a) deprive the other person of a right to or a benefit from the property, or (b) appropriate the property to his or her own use.  See § 812.014(1), (3)(a).  To prove criminal mischief, also a second-degree misdemeanor, the State had to establish that A.L. willfully and maliciously injured or damaged any real or personal property belonging to another person.  See § 806.13(1)(a), (1)(b)(1), Fla. Stat. (2017).  Moreover, given that this was a wholly circumstantial evidence case, a determination that the State does not dispute,

- 4 -

the State was also required to present evidence inconsistent with any reasonable hypothesis of innocence. See M.F., 35 So. 3d at 1000; Bronson, 926 So. 2d at 482.

To prove that A.L. committed petit theft, the State relied on the statutory inference set forth in section 812.022(2). Section 812.022(2) provides that "proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen." Indeed, "unexplained possession of stolen property is sufficient to support a burglary conviction when it occurs as an adjunct to a theft." Bronson, 926 So. 2d at 483 (citing Francis v. State, 808 So. 2d 110, 134 (Fla. 2001)).

When the State's case is based entirely upon the statutory inference set forth in section 812.022(2), the trial court must direct a judgment of dismissal for the defendant where a reasonable explanation for possession of recently stolen property is totally unrefuted and there is no other evidence of guilt. See Smith v. State, 742 So. 2d 352, 355 (Fla. 5th DCA 1999) (citing Coleman v. State, 466 So. 2d 395, 397 (Fla. 2d DCA 1985)). The reasonableness of a defendant's explanation for possession of a stolen item is a question of fact for the judge in a nonjury trial to determine, together with all the other facts and circumstances in the case. C.T. v. State, 238 So. 3d 857, 860 (Fla. 3d DCA 2017).

We first consider whether the State met the requisite two-part evidentiary predicate to warrant use of the statutory inference. To receive the benefit of the statutory inference, the State must have established "pursuant to section 812.022(2), that a defendant had 'possession of property recently stolen.' " Bronson, 926 So. 2d at 483. Here, the State had to prove that (1) the property at issue was recently stolen and

that (2) A.L. had possession of the property.  The State established the first predicate element given that it presented evidence establishing that several items stolen from various vehicles on June 7, 2017, were found the next day in a bedroom jointly occupied by A.L. and his brother.

Whether the State established the second predicate element is at issue in this case.  To establish the second predicate element, the State must have shown that "the possession of the defendant was exclusive, recent, and involved a distinct and conscious assertion of property."  Id. at 484 (quoting Scobee v. State, 488 So. 2d 595, 598 (Fla. 1st DCA 1986)).  That the defendant's possession must be exclusive "does not mean the possession must be separate from all other persons."  Id.  "The joint possession of two or more persons acting in concert is 'exclusive' as to any one of them."  Id. (quoting Walker v. State, 896 So. 2d 712, 720 n.5 (Fla. 2005)).

As to the charge of petit theft in count eight, A.L. argues, and the State concedes, that there was insufficient evidence that A.L. was in exclusive possession of the recently stolen item charged in count eight because the victim did not identify the item found in the jointly occupied bedroom as the item missing from her vehicle.  We accept the State's concession.  In sum, because there is no record evidence that the property underpinning count eight was found in the bedroom, the statutory inference set forth in section 812.022(2) could not have supported the petit theft charge in count eight.  See Smith v. State, 15 So. 3d 849, 850 (Fla. 1st DCA 2009) (concluding that the statutory inference set forth in section 812.022(2) could not have supported burglary conviction where no evidence in the record established that the defendant possessed the stolen DVD player, either constructively or actually).

- 6 -

As to the remaining charges of petit theft, the State contends that the evidence was sufficient to show that A.L. was in exclusive possession of the recently stolen property. We disagree. Because the items were found in a bedroom that A.L. shared with his brother and there was no other evidence linking A.L. to the thefts, we cannot conclude that his possession of the items was exclusive, recent, and involved a distinct and conscious assertion of possession. See Chamberland v. State, 429 So. 2d 842, 843 (Fla. 4th DCA 1983); Walton v. State, 404 So. 2d 776, 777 (Fla. 1st DCA 1981).

In Chamberland, the Fourth District reversed a conviction for possession of a stolen air conditioner where the State's case was based on the statutory inference set forth in section 812.022. 429 So. 2d at 843. The Chamberland court reasoned that the State did not establish that the defendant was in exclusive possession of the stolen air conditioner because it was found in an apartment that he occupied jointly with his brother and two others. Id. In Walton, the defendant was charged with and convicted of grand and petit theft after recently stolen items were found in a duplex where he lived and inside a shed located outside the duplex. 404 So. 2d at 777. To establish theft, the State relied on "the rule that possession of recently stolen goods carries with it the inference that the possessor is the guilty taker." Id. The First District reversed the conviction, concluding that the State had not established that the defendant was in exclusive possession of the items given that the defendant shared the duplex with two other occupants and that he shared the shed with his landlord. Id. Just as in Chamberland and Walton, the State here did not establish that A.L was in exclusive possession of the recently stolen items because the items were found in a bedroom that

A.L. occupied jointly with his brother and within a home they shared with their uncle. Because the State did not establish that A.L. exclusively possessed the recently stolen property, the trial court should not have relied on the statutory inference.

Even though the stolen property was found in a bedroom A.L. shared with his brother, the trial court determined that A.L. exclusively possessed the property. This is because, the trial court concluded, A.L. acted in concert with another person. See Bozeman v. State, 931 So. 2d 1006, 1007 (Fla. 4th DCA 2006) (affirming defendant's conviction of grand theft of a motor vehicle and concluding that the defendant and another man acted in concert where law enforcement officers observed the defendant pushing the vehicle while the other man controlled the car's steering and breaking). To support its determination, the trial court explained that one of the surveillance videos demonstrated two people acting in concert. But the flaw in that determination is that the trial court did not make any finding that A.L. was one of the two individuals in the surveillance video. Indeed, the court could not have made that finding because no witnesses were able to identify A.L. as one of the two individuals in the surveillance video. In fact, there was no other evidence connecting A.L. to the thefts and criminal mischief aside from evidence that he lived on the same street where the offenses took place. As such, the State could not have established that A.L. had exclusive possession by acting in concert with another person. Given that the State's evidence did not establish that A.L. had actual or constructive, exclusive possession of the recently stolen property, it was error to rely on the statutory inference set forth in section 812.022(2).

Without the benefit of the statutory inference, we cannot conclude that

there is no reasonable probability that the error contributed to the adjudication of delinquency in this case. See State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986). Stripped of this inference, the State's sole proof was confined to evidence that recently stolen property was found in a bedroom that A.L. shared with his brother. The State does not dispute that the evidence against A.L. was purely circumstantial. The circumstantial evidence included surveillance videos depicting two unidentified individuals walking around a Brandon neighborhood, checking car doors, entering vehicles, and later driving away from the neighborhood in a white vehicle. The evidence also established that A.L. lived in the Brandon neighborhood and that A.L.'s uncle, whom A.L. lived with, owned a white Honda he regularly parked outside the home.

> While the crime of theft may be proved by circumstantial evidence, such evidence must be of sufficient probative force to support a legal inference of guilt beyond a reasonable doubt. The proof must not only be consistent with guilt, but also inconsistent with a reasonable hypothesis of innocence.

Walton, 404 So. 2d at 777-78. Just as in Walton, the State's proof in this case does not rise to that level.

Turning to the charge of criminal mischief, the State's evidence did not establish that A.L. was identified as an individual who damaged the victim's security box located inside the victim's vehicle, let alone that A.L. willfully and maliciously did so. See L.J.S. v. State, 909 So. 2d 951, 952 (Fla. 2d DCA 2005) (reversing a juvenile probation order withholding adjudication because the evidence was insufficient to show that L.J.S. committed a burglary of a vehicle or that he damaged the vehicle).

In conclusion, the State was not entitled to the statutory inference set forth in section 812.022(2) because it failed to establish that A.L. had exclusive possession of

- 9 -

the recently stolen property. The trial court's reliance on the statutory inference was not a harmless error because without the benefit of the statutory inference, the State's evidence did not prove beyond a reasonable doubt that A.L. committed the delinquent act of petit theft. Moreover, the State neglected to prove criminal mischief. Therefore, we reverse the disposition order adjudicating A.L. delinquent on charges of petit theft and criminal mischief and remand for an order granting his motion for judgment of dismissal.

Reversed and remanded.

SILBERMAN and SALARIO, JJ., Concur.